# Exhibit A

## IN THE SUPREME COURT OF NIAGARA COUNTY
## STATE OF NEW YORK

SUMMONS

**185704/2024**
12/17/2024  10:41:03 AM
Receipt # 2024669216
3 Pages

HALIMAH HASSAN,

      Plaintiff,

    Joseph A. Jastrzemski, Niagara County Clerk      Clerk: LMH

CIVIL ACTION NO.

GENERAL MOTORS COMPONENTS HOLDING LLC,

GENERAL MOTORS HOLDING LLC,

GENERAL MOTORS COMPANY, and

GENERAL MOTORS LLC

    Defendant(s),

ORIGINAL FILED
DEC 17 2024
JOSEPH A. JASTRZEMSKI
NIAGARA COUNTY CLERK

### SUMMONS

To Defendant(s) as named above;

A lawsuit has been filed against you.

PLEASE TAKE NOTICE THAT YOU ARE HEARBY SUMMONED to appear in this action by serving a notice of appearance on the Plaintiff at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you with in the State of New York.

1

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgement will be entered against you by default for the relief demanded below. You must also file your answer or motion with the court.

DATED on _____         _____

Clerk of the Court
175 Hawley Street
Lockport, NY 14094
(716) 280 - 6400

Defendant(s) to be served at 251 Little Falls Drive, Wilmington, DE 19808, New Castle County and reached at (302) 636-5401. Or in New York State at c/o THE CORP TRUST CO, 120 Broadway, New York, NY 10271, New York County, United States.

### NOTICE

The nature of this action is due to overpayment of income reported to the United States Internal Revenue Services that has not been proven as true or accurate.

The relief sought is a money damages in the amount of $49,600.

Should defendant(s) fail to appear herein, judgement will be entered by default for the sum of $285,000, with interest from the date of said default judgement plus the costs of this action.

Dated December 17, 2024

2

Respectfully submitted,

Halimah Hassan

Plaintiff, *prose*

170 Manhattan Ave

Unit 337

Buffalo NY 14215

(716) 339 – 4605

Halimahhassan2006@yahoo.com

3

## IN THE SUPREME COURT OF NIAGARA COUNTY
## STATE OF NEW YORK

COMPLAINT

**185704/2024**
12/17/2024 10:41:03 AM
Receipt # 2024669216
13 Pages

Joseph A. Jastrzemski, Niagara County Clerk          Clerk: LMH

HALIMAH HASSAN,

          Plaintiff,

                                                  CIVIL ACTION NO.

GENERAL MOTORS COMPONENTS HOLDING LLC,

GENERAL MOTORS HOLDING LLC,

GENERAL MOTORS COMPANY, and

GENERAL MOTORS LLC

          Defendant(s),

ORIGINAL FILED

DEC 1 7 2024

JOSEPH A. JASTRZEMSKI
NIAGARA COUNTY CLERK

## COMPLAINT

NO COMES HALIMAH HASSAN ("Plaintiff") by representation *prose,* and files this Complain as follows:

## PARTIES AND JURISDICTION

1.

Defendant(s) GENERAL MOTORS COMPONENTS HOLDING LLC (hereinafter "GM"), also operating as GENERAL MOTOR COMPANY (hereinafter "GM"), GENERAL MOTORS HOLDING S LLC (hereinafter "GM") and GENERAL MOTORS LLC (hereinafter "GM") is an auto manufacturing firm with other manufacturing industrial endeavors, which is organized as a corporation residing in

1

various global locations including 200 Upper Mountain Rd, Lockport NY, 14094, Niagara County. GM may be served with process through its registered agent CORPORATION SERVICE COMPANY at 251 Little Falls Drive, Wilmington DE 19808, in New Castle County and reached at 302-636-5401. Or in New York State at % THE CORP TRUST CO at 120 Broadway, New York NY, 10271, New York County, United States.

2.

GENERAL MOTORS COMPONENTS HOLDING LLC, GENERAL MOTORS HOLDING LLC, GENERAL MOTORS COMPANY, and GENERAL MOTORS LLC operate as one business, as all spawned from William C. Durant in Flint Michigan, and are joint tortfeasors and jointly and severally liable to plaintiff for the claims set forth herein. Hereinafter all known names will be referred to as "GM"

3.

Jurisdiction and venue are proper in this court as to all defendants.

4.

BACKGROUND FACTS

5.

On or about November 17, 2022 Plaintiff received a request to further discuss her qualifications for employment with GM at the 200 Upper Mountain Rd, Lockport, NY 14094.

6.

2

Plaintiff states that on or about December 1, 2022 she was scheduled to and did speak with a GM employee to relocate from Atlanta, GA to Lockport, NY to fill the role of Process Control Engineer.

7.

Plaintiff states that a second interview was conducted on or about December 5, 2022 to further discuss the possible employment and relocation with GM employee JASON WAGNER.

8.

Plaintiff states that she was offer the position by JASON WAGNER and was subsequently advised of the date of February 6, 2023 to start work at 200 Upper Mountain Rd, Lockport NY, 14094.

9.

Plaintiff was contacted on or about December 12, 2022 to submit to a background check by a GM partner HireRight.

10.

Plaintiff states that she was approved by HireRight for employment and was then contacted by the GM IT department on or about January 2, 2023 with directions on where to pick up her computer.

11.

Plaintiff states that on or about January 18, 2023 she applied on her own for a residential rental space, without the assistance of GM with FALESTEEN ALI. FALESTEEN ALI

3

approved her rental application on behalf of EMMANUEL WILLIAMS with Demand Management, LLC IN Erie County, NY.

12.

Plaintiff states that on January 19, 2023 she was contacted for the first time by JACALYN MANDIKAS. JACALYN MANDIKAS stated that she was from BGRS CORT a partner of BGRS SIRVA to assist with her apartment rental needs for a position that required her to relocate from Stone mountain, GA to Lockport, NY and start her role as Process Control Engineer on February 6, 2023.

13.

Plaintiff also states that she was contacted by CHRIS VOIGT of CORT, a GM partner, on January 19, 2023 regarding relocation assistance as well.

14.

Plaintiff states that she was contacted by VIC VERANO on January 23, 2023 to complete onboarding tasks including a GM privacy statement.

15.

Plaintiff states that on or about January 24, 2023 she received a receipt for a signed agreement from a GM partner REINDEER AUTO RELOCATION to relocate a 2008 Lincoln MKX owned by the Plaintiff to 600 Eggert Rd, Buffalo, NY 14215, in Erie County. Plaintiff states that she signed an agreement to take possession of the rental at 600 Eggert Rd, Buffalo, NY 14215 through EMMANUEL WILLIAMS AND DEMAND MANAGEMENT.

16.

Plaintiff states that she purchased a property at 1649 Downs Xing, Stone Mountain, GA 30088, Dekalb County on or about April 5, 2012.

17.

Plaintiff states she packed up all of her possessions, sold her home, removed her daughter from school to relocate to Lockport, NY for a position that was expected by her to be a position she retired from. Plaintiff states that she had this done on her own without assistance from GM by January 30, 2023.

18.

Plaintiff states that on January 24, 2023 she confirmed arrangements to relocate the contents of her home with STACY WILKES of BELTMANN RELOCATION GROUP on January 31, 2023 after one day of packing on January 30, 2023 with a delivery window between February 3 and February 10, 2023

19.

Plaintiff states that she relocated to Lockport, NY from Stone Mountain, GA as previously described and began working at 200 Upper Mountain Rd, Lockport, NY 14094, a GM radiator and component manufacturing plant.

20.

Plaintiff states she was on boarded immediately after beginning work at GM and chose benefits, including a retirement plan for what she expected to be a long career with GM. Plaintiff also states she signed a relocation repayment document explaining that she would be

5

responsible to pay back approximately $9512 if she quit or resigned from her position prior to staying at GM for less than two years

21.

Plaintiff states that she was placed in a cubicle with three other employees. Plaintiff states that she was met with a staggering amount of demographic based insults that were spoken directly to her, about her and in front of her by the ninety-five percent Caucasian Male engineering department.

22.

Plaintiff states that after six months she was unable to receive support from her direct manager ROBERT MACARTHY or "buddy" MIKE SKAKAL to perform her duties effectively or to assist with removing the male locker room conversations that were highly offensive to her.

23.

Plaintiff states that she reached out to CHAYNCE HARRIS in human resources on August 23, 2023

Through email to make a formal complaint about the treatment that she had received.

24.

Plaintiff states that she spoke with CHAYNCE HARRIS and CATHERINE LOVE on August 23, 2023 through a virtual call and gave examples of the treatment which included loud exclamations of "BITCH", "PUSSY", "I'M A REDNECK", "MISERABLE CUNT", by numerous engineering department staff and once "CHEAP BITCH", by the janitor.

6

25.

Plaintiff advised CHAYNCE HARRIS and CATHERINE LOVE that she had spoken to ROBERT MACARTHY about the language and that she would like it to stop at her evaluation meeting.

26.

Plaintiff states that she resigned on August 27, 2023 after hearing staff walking through the office speaking about a snitch. Plaintiff gave a written resignation to ROBERT MACARTHY and CHAYNCE HARRIS stating that she would be making September 8, 2023 her last day so any projects could be discussed in detail.

27.

Plaintiff states that on September 18, 2023 she received an email from GM specifically gmrelorepay@gm.com for repayment of a lump sum payment that was provided as pay through Plaintiff's pay for approximately $9098.60 with a file number of 8581851 assigned to Michael Maberry.

28.

Plaintiff states that the original promissory note was signed on February 3, 2023 for approximately $9512 and was effective for a period of two years. Plaintiff admits that she was not employed for two years.

29.

7

Plaintiff states that she filed for unemployment after depleting her savings while looking for a new employer.

30.

Plaintiff states that she was awarded the unemployment claim through the New York State Department of Labor due to resigning under circumstances that created a hostile work environment after investigation.

31.

Plaintiff claims that on or about February 15, 2024 she received her W-2 form through the United States Postal Service.

32.

Plaintiff states that she contacted GM on or about February 18, 2024 at the Internal Revenue Service (hereinafter "IRS") office located 130 S Elmwood Ave, STE 100 Buffalo, NY 14201, after speaking with the local office and being told to contact GM directly about her concerns.

33.

Plaintiff states she created a case number 1-5180247708 through GMNA GBS People Services to request a corrected W-2 or the receipts from her relocation services. Plaintiff states that throughout her bank statements she received approximately $49,844.34 for the period of February 6, 2023 to September 8, 2023. Plaintiff states pay slips show gross payments of approximately $56,496.17 for this same period. Plaintiff states that GM reported

8

to the IRS Plaintiff received $106,097 in taxed wages and $104,111 in Medicaid taxed wages.

34.

Plaintiff states she received an email from JEMIE at GM People Services on February 28, 2023 containing an Excel spreadsheet showing a breakdown of the payments. Plaintiff state the breakdown was wildly inaccurate showing payments that were never deposited to her and some that were shown as negative deposits on her pay slips.

35.

Plaintiff shows as an example being paid twice for the $9512 that was allocated as relocation pay in her base pay and as a separate lump sum and miscellaneous allowance payment. As another example Plaintiff a moving expense tax attached to plaintiff income of $13, 598.28 was also shown as a deduction on her pay slip dated for May 31, 2023.

36.

In total an additional amount of approximately $49,600 was added to plaintiffs take home pay disguised as relocation payments made to various vendors on her behalf.

37.

Plaintiff states that she requested numerous times that the receipts for these fees be made known to her through GM's GMNA People Services case inquiries 1-5180247708 and 1-5194931244.

38.

9

Plaintiff states she was directed numerous times to closed businesses, was hung up on, put on hold for over an hour, and ultimately dismissed when trying to get a receipt for such a large amount of dollars. Plaintiff advised there was no car or house purchase and cannot justify the large amount on a relocation that she mostly orchestrated herself.

39.

Plaintiff feels as if she was retaliated against for making a complaint regarding the hostile work environment that she endured at such a well-known brand.

40.

Plaintiff was unable to file her taxes due to the tax bracket that she was put in due to the undocumented amount that was added to her pay reported to the IRS and was advised she would receive a penalty through the United States Postal Service after requesting an extension.

41.

Plaintiff states that after her months of alerting GM of the large discrepancy between her pay slips and her reported W-2, her employer had knowledge of the issue but refused to provide documented accountings of the transactions, her employer knew it would harm her to have her in a different tax bracket and potentially becoming an accomplice to fraud by filing an income tax return, and failed to act to investigate or correct the issue.

## STANDARD OF CARE

42.

In the state of New York, the law has professional standards which employers are required to maintain as to not allow retaliation or fraud perpetrated against an employee and reported as correct to a government body.

43.

The Fair Labor Standards Act (FLSA) helps to articulate these standards.

44.

The Fair Labor Standards Act Section 15(a)(3 states in part that:

Any employee who is "discharged or in any other manner discriminated against" because, for instance, he or she has filed a complaint or cooperated in an investigation, may file a retaliation complaint with the Wage and Hour Division or may file a private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

45.

## COUNT ONE: RETALIATION

Defendants each owed Plaintiff, by law a hostile free work environment.

46.

Due to the lack of proficient management in an attempt to promote Diversity Equity and Inclusion in an environment where it was not the case prior, Plaintiff was subjected to a toxic daily workplace.

47.

11

Plaintiff complained and was not given any protections by management and immediately felt in danger as to being the only African American female in a Ninety Eight percent male environment after complaining about the environment.

48.

## COUNT TWO: FRAUD

Plaintiff was subject to an outrageous amount of dollars added to her reported income from a dejected GM. GM allowed its employees to show an uncontrolled or checked disregard for Plaintiff and her financial standing with the IRS.

49.

Plaintiff was unable to for the first time in over a decade file her taxes late and still not at the time of this claim as to not be a part of a possible criminal, fraudulent transaction.

50.

Plaintiff requested documentation as a standard in the United States for such a large amount and receipts requested numerous times were never given.

51.

Defendants are liable to Plaintiff for retaliation and fraud in an amount of a minimum of $49,600 as was reported as paid to her to the IRS as plaintiff contractually agreed to pay approximately $9512 in the event of premature separation.

52.

Defendants are liable to plaintiff for an additional amount to be proven at trial.

12

WHEREFORE plaintiff prays:

a) For trial by jury of (12) twelve person:

b) For judgement against Defendants, jointly and severally, for all legally cognizable damages of every kind, however denominated: and

c) For an award of fees and expenses of litigation from Defendants, jointly and severally.

Dated December 16, 2024

Respectfully submitted,

Halimah Hassan, *prose*

170 Manhattan Ave

Unit 337

Buffalo, NY, 14215

(716) 339-4605

Halimahhassan2006@yahoo.com

Sworn to before
me this___16th___day
of __December__, 2024

Lisa M. Heimiller
Notary Public State of New York
No. 04HE6371002
Qualified in Niagara County
Commission Expires 02/20/26

13



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 30519077**
**Date Processed: 12/30/2024**

**Primary Contact:**    Katlin Curry
General Motors LLC
300 Renaissance Ctr
Detroit, MI 48243-0001

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors Components Holding LLC; General Motors Holding LLC;<br>General Motors Company; General Motors LLC |
| **Title of Action:** | Hassan, Halimah vs. General Motors Components Holding LLC; General Motors<br>Holding LLC; General Motors Company |
| **Matter Name/ID:** | Hassan, Halimah vs. General Motors Components Holding LLC; General Motors<br>Holding LLC; General Motors Company (16693620) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Niagara County Supreme Court, NY |
| **Case/Reference No:** | 185704/2024 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 12/26/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Halimah Hassan (Buffalo, NY)<br>716-339-4605 |
| **Client Requested Information:** | Year:<br>Make:<br>Model:<br>VIN: |

**Notes:**    Halimah Hassan 170 Manhattan Ave, Unit 337, Buffalo, NY 14215

CSC Location document was served: Corporation Service Company 251 Little Falls Drive Wilmington, DE 19808

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com